IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CHARMAINE WHEAT, | |
| Plaintiff, | CIVIL ACTION NO.: 4:25-cv-212 |
| v. | |
| ACE PROPERTY AND CASUALTY INSURANCE COMPANY; DARREL FANNIN TRUCKING LLC; JEFF A. BARKER; and JOHN DOES 2-5, | |
| Defendants. | |

**O R D E R**

Before the Court is Defendant ACE Property and Casualty Insurance Company's ("ACE") Motion to Dismiss It as a Party, (doc. 8), and a Partial Consent Motion to Dismiss Fewer Than All Defendants which was signed by counsel for Plaintiff and by counsel for Defendants ACE and Darrel Fannin Trucking, LLC ("Fannin Trucking"), (doc. 18). In the Partial Consent Motion, Plaintiff, ACE, and Fannin Trucking consent to the dismissal of Defendant ACE without prejudice. (Id.) Progressive Premier Insurance Company of Illinois ("Progressive") has filed an Objection to the Partial Consent Motion to Dismiss Fewer Than All Defendants. (Doc. 20.) For the reasons below, the Court **GRANTS** the Partial Consent Motion to Dismiss Fewer Than All Defendants, (doc. 18), and **DENIES as moot** ACE's Motion to Dismiss It as a Party, (doc. 8).

**BACKROUND**

According to Plaintiff's initial Complaint, on October 29, 2024, she was driving on an I-95 exit ramp in Chatham County, Georgia, when she was injured after being hit from behind by someone driving a tractor-trailer. (Doc. 1-1, p. 5.) According to the Complaint, the driver fled the scene without providing any information to Plaintiff or the police. (Id. at pp. 5–6.) At the time she filed her initial Complaint, Plaintiff did not know the identity of the driver who hit her, so she referred to him throughout the complaint as "John Doe 1." (Id. at p. 4.) The Complaint also alleged that the tractor-trailer was registered to Fannin Trucking; that John Doe 1 was an employee of Fannin Trucking at the time of the accident; and that Fannin Trucking and/or John Doe 1 were insured under a commercial auto liability indemnity insurance policy issued by Defendant ACE under policy number MCC H08474102. (Id. at pp. 6–7.)

Plaintiff asserted a negligence claim against John Doe 1 and Fannin Trucking, a respondeat superior claim against Fannin Trucking, and a direct action (pursuant to O.C.G.A. §§ 40-1-112, 40-2-140) against ACE (based on the allegation that she was unable to serve the driver (employed by ACE's insured) despite reasonable diligence). (See id. at pp. 6–10.) Plaintiff served Progressive—as a purported uninsured/underinsured motorist carrier—with a copy of the Complaint on August 8, 2025. (See doc. 20, p. 2); O.C.G.A. § 33-7-11(d). The case was filed in the State Court of Chatham County, but Defendant ACE removed it to the United States District Court for the Northern District of Georgia on September 5, 2025. (See doc. 1.) The case was subsequently transferred to this Court on September 12, 2025. (See docs. 2, 3 & 4.)

Defendant ACE then filed the at-issue Motion to Dismiss It as a Party. (Doc. 8.) Plaintiff filed a Response, stating that the parties "conferred about the pending motion to dismiss and have

2

agreed to submit a joint motion to dismiss [ACE] without prejudice under Rule 41." (Doc. 10.) On November 26, 2025, Plaintiff, ACE, and Fannin Trucking filed the at-issue Partial Consent Motion to Dismiss Fewer Than All Defendants, requesting that the Court dismiss ACE from this action without prejudice. (Doc. 18.) Progressive filed a Response in Opposition to the Partial Consent Motion. (Doc. 20.)

On December 2, 2025, Plaintiff filed an Amended Complaint substituting Defendant Jeff A. Barker in place of Defendant John Doe 1. (Doc. 19). On December 23, 2025, Defendants ACE and Fannin Trucking filed answers to the Amended Complaint, (docs. 24 & 25), and Progressive filed an "Answer and Cross-Claim," (doc. 26).

### STANDARD OF REVIEW

In the Partial Consent Motion to Dismiss Fewer Than All Defendants, Plaintiff, ACE, and Fannin Trucking move to dismiss ACE from this action pursuant to Federal Rules of Civil Procedure 21 and 41. (Doc. 18, pp. 2–3.) As a general matter, Rule 21 governs misjoinder and nonjoinder of parties, stating, in pertinent part: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; Liberty Mut. Ins. Co. v. Schulte, No. 6:23-cv-060, 2024 WL 5190032, at *2 (S.D. Ga. Dec. 20, 2024). Alternatively, Rule 41 governs voluntary dismissals of actions, including dismissals against less than all parties. Fed. R. Civ. P. 41(a); Schulte, 2024 WL 5190032, at *2 (citing Jackson v. Equifax Info. Servs., LLC, No. CV 119-096, 2020 WL 476698, at *2 (S.D. Ga. Jan. 29, 2020)). While the parties do not cite a specific subsection within Rule 41, only subsection (a)(2) appears arguably applicable.[1] Under Rule

---

[1] Subsection (a)(1) permits plaintiffs to file notices of dismissal before opposing parties have served answers and also permits dismissal via jointly-filed stipulations of dismissal signed by "all parties who have

41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); Schulte, 2024 WL 5190032, at *2.

## DISCUSSION

Under Georgia law, generally, "a party must not bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insured or it is specifically permitted by either statute or provision in the policy." Hartford Ins. Co. v. Henderson & Son, Inc., 371 S.E.2d 401, 402 (Ga. 1988); see Waldon v. Ace Am. Ins. Co. No. 1:16-CV-1608-AT, 2017 WL 3000040, at *3 (N.D. Ga. Mar. 21, 2017) ("Under Georgia law, plaintiffs are generally prohibited from suing insurers directly when another party has caused the damages at issue."). Georgia's direct-action statutes provide an exception to this general rule and state that an injured plaintiff may join a motor carrier's insurer in an action against the insured motor carrier when the motor carrier is insolvent or bankrupt or when a plaintiff cannot serve the driver or motor carrier despite reasonable diligence. See O.C.G.A. § 40-1-112(c)(1); O.C.G.A. § 40-2-140(d)(4)(A).

In the initial Complaint, Plaintiff alleged that ACE was subject to a direct action pursuant to O.C.G.A. §§ 40-1-112 and 40-2-140. (See doc. 1-1, pp. 8–9.) In the Amended Complaint, Plaintiff maintains that ACE was subject to direct action pursuant to O.C.G.A. §§ 40-1-112 and 40-2-140 when the initial Complaint was filed "because service on Barker, whose identity was not known until November 14, 2025, could not be effected after reasonable diligence," but Plaintiff

---

appeared." Fed. R. Civ. P. 41(a)(1); Schulte, 2024 WL 5190032, at *2. Subsection (a)(1) is thus inapplicable here because the opposing parties have filed answers and because the Motion is not signed by or consented to by all parties who have appeared. (Doc. 18, p. 3 ("Consent to dismiss Defendant ACE has been requested from Progressive, but it has refused consent.").)

expressly concedes in the Amended Complaint "that [ACE] should be dismissed after Barker is served through counsel."[2]  (Doc. 19, p. 8.)

In their Partial Consent Motion to Dismiss Fewer Than All Defendants, Plaintiff, ACE, and Fannin Trucking request and consent to the dismissal of ACE from this action without prejudice.  (Doc. 18.)  They note that "[c]onsent has been requested from [Progressive], and it refuses consent."  (Id. at p. 2.)  In its Response in opposition to the Partial Consent Motion to Dismiss, filed December 10, 2025, Progressive "object[ed] to a dismissal of [ACE] from this lawsuit because [ACE] remain[s] subject to a direct action under Georgia law and [is] a proper party to this lawsuit."  (Doc. 20, p. 3.)  Progressive argued that "[ACE] remains a proper party to this action under Georgia law because the driver of the truck owned by Darrel Fannin Trucking, LLC remains unknown," and Plaintiff would not be able to effect service of the lawsuit on an unknown person.  (Doc. 20, p. 2.)  According to Progressive, Fannin Trucking "ha[d] merely disclosed that Jeff Barker was 'in the vicinity of' the accident when it occurred and has not disclosed that Mr. Barker was the actual driver of the truck at the time of the subject accident." (Id. at p. 3; see doc. 20-2, p. 1.)

Two days after Progressive filed its Response in opposition, counsel for Barker filed a waiver of service.  (Doc. 21.)  ACE, Fannin Trucking, and Progressive subsequently filed answers

---

[2]  In light of Plaintiff's substitution of Barker as the John Doe Defendant in the Amended Complaint and Barker's subsequent waiver of service (along with the fact that ACE and two other parties have collectively filed a subsequent motion for dismissal of ACE, which is being granted herein), the Court **DENIES AS MOOT** ACE's Motion to Dismiss (which was filed prior to the filing of the Amended Complaint).  (Doc. 8; see also doc. 8-2, pp. 1, 5 (ACE's Brief in Support of Motion to Dismiss, arguing that "Plaintiff did not and cannot satisfy the procedural requirements of Georgia's amended direct action statutes" because Plaintiff did not allege that Fannin Trucking is insolvent or bankrupt and Plaintiff had not shown reasonable diligence to affect personal service on the driver or motor carrier).)

(and Progressive again asserted a crossclaim against all Defendants).  (Docs. 24, 25 & 26.)  On January 29, 2026, counsel for Fannin Trucking and Barker filed a Suggestion of Death, stating that Barker had died on December 29, 2025.  (Doc. 29.)  Barker's counsel has since filed a "protective Answer solely to prevent entry of a default judgment pending substitution of the proper party." (Doc. 31.)

In the Amended Complaint, Plaintiff alleges that Barker was the driver of the vehicle of the motor carrier giving rise to the cause of action.  (Doc. 19, p. 4.)  Barker's "protective answer" admits that he "was driving a power unit and hauling a trailer ('Tractor-Trailer') on October 29, 2024, in Chatham County, Georgia," and asserts that "he was unaware of and did not perceive any collision, contact, or incident that would trigger a duty to stop and exchange information."  (See doc. 31, pp. 8–9; see also doc. 19, p. 4.)  In sum, no party contends that Fannin Trucking, the motor carrier, is insolvent or bankrupt, (see doc. 8-2, p. 5; doc. 19); Fannin Trucking has been served, (see doc. 11); and Barker, whom Plaintiff claims was the driver of the vehicle that hit her, has waived service and responded to the Amended Complaint, (docs. 21 & 31).  Thus, under Georgia law, the exception through which Plaintiff was pursuing a direct action against ACE no longer applies (which Plaintiff explicitly acknowledges by joining in the Partial Consent Motion to Dismiss).  See O.C.G.A. §§ 40-1-112(c)(1), 40-2-140(d)(4)(A); Francis v. Suit LLC, No. 1:25-CV-01512-SDG, 2026 WL 102842, at *1 (N.D. Ga. Jan. 13, 2026).  Accordingly, dismissal of ACE without prejudice (just as Plaintiff, ACE, and Fannin Trucking have jointly requested) is proper and just.

## CONCLUSION

For the reasons above, the Court **DENIES as moot** Defendant ACE's Motion to Dismiss It as a Party, (doc. 8), and **GRANTS** the Partial Consent Motion to Dismiss Fewer Than All Defendants, (doc. 18).  Pursuant to Federal Rules of Civil Procedure 21 and 41(a)(2), the Court **DISMISSES** all claims against Defendant ACE **without prejudice**[3] and **DIRECTS** the Clerk of Court to update the docket accordingly.

**SO ORDERED**, this 13th day of March, 2026.

_____

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3]  This dismissal without prejudice includes the crossclaim by Progressive, (doc. 26), to the extent Progressive intended the crossclaim to be asserted against ACE.